IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

A.X.E. FINANCE, LLC                             :
1209 Orange Street,                             :
Wilmington DE 19801                             :
                                                :
and                                             :
                                                :
JANIYA SETTLES                                  :
3689 22nd Street SE                        :
Washington, DC 20020                            :
                                                :
            Plaintiffs,                         :
v.                                              :     Case No. _____
                                                :
THE PRUDENTIAL INSURANCE                        :
COMPANY OF AMERICA                              :
213 Washington Street, 8th Pl.             :
Newark, New Jersey 07103                        :
                                                :
**SERVE REGISTERED AGENT**                      :
c/o CT Corporation System                       :
1015 15th Street NW, Suite 1000            :
Washington, DC 20005                            :
                                                :
and                                             :
                                                :
prudential.service@dbr.com                      :
Drinker Biddle & Reath LLP                      :
One Logan Square, Suite 2000                    :
Philadelphia, PA 19103-6996                     :
                                                :
and                                             :
                                                :
PRUDENTIAL ASSIGNED                             :
SETTLEMENT SERVICES                             :
CORPORATION                                     :
213 Washington Street, 8th Pl.             :
Newark, New Jersey 07103                        :
                                                :
**SERVE REGISTERED AGENT**                      :
c/o CT Corporation System                       :
1015 15th Street NW, Suite 1000            :
Washington, DC 20005                            :

|   |   |
|---|---|
| **and** | : |
|  | : |
| prudential.service@dbr.com | : |
| **Drinker Biddle & Reath LLP** | : |
| **One Logan Square, Suite 2000** | : |
| **Philadelphia, PA 19103-6996** | : |
|  | : |
| **Defendants.** | : |

## COMPLAINT FOR DECLARATORY RELIEF

Comes Now the Plaintiff, A.X.E. Finance, LLC by and through the undersigned counsel, Elyse L. Strickland and Offit Kurman, P.A. and Plaintiff Janiya Settles, *pro se*, and pursuant to 28 U.S.C. § 2201 (a) file their Complaint for Declaratory Relief in this matter, and in support thereof, state as follows:

1. Plaintiff, A.X.E. Finance, LLC ("A.X.E."), is a Delaware corporation with its principal place of business in Ft. Lauderdale, Florida.

2. Plaintiff, Janiya Settles (the "Applicant" or the "Payee"), resides at 3689 22nd Street SE, Washington, DC 20020.

3. Defendant, Prudential Assigned Settlement Service Corp. is a corporation organized, upon information and belief, under the laws of the State of New Jersey.

4. Defendant, Prudential Insurance Company of America, is a corporation organized, upon information and belief, under the laws of the State of New Jersey.

5. The Applicant is entitled to receive certain structured settlement payments as a result of the settlement of a personal injury claim.

6. The party originally obligated to make the periodic payments pursuant to the settlement assigned its obligation to Prudential Assigned Settlement Service Corp (the "Structured Settlement Obligor"). In order to fund its obligation to make the settlement payments, the Structured Settlement Obligor purchased an annuity from Prudential Insurance

2

Company of America (the "Annuity Issuer").

7. On January 24, 2002, "The Victims of Terrorism Tax Relief Act," PL 107-134, 115 Stat. 2427, was enacted, which, in part, amends the Internal Revenue Code of 1986. The Act amends 26 U.S.C.A. § 5891 and now provides for favorable tax treatment of "structured settlement payment factoring transactions" that are approved in advance by a qualified court order approving the transaction. 26 U.S.C.A. § 5891 (b)(1). A "structured settlement payment factoring transaction" is defined as "a transfer of structured settlement payment rights (including portions of structured settlement payments) made for consideration by means of sale, assignment, pledge, or other form of encumbrance or alienation for consideration." 26 U.S.C.A. § 5891 (c)(3)(A) (parentheses in original). A "structured settlement" is defined as an arrangement established by "agreement for the periodic payment of damages excludable from the gross income of the recipient under [Internal Revenue Code] section 104 (a)(2)..." and under which the periodic payments are "of the character described in subparagraphs (A) and (B) of section 130(c)(2)."

8. Section 5891 defines a Qualified Order as, in pertinent part, the order of a court issued by the state where the payee (i.e., the Applicant) resides provided that such state has adopted a structured settlement transfer statute. If the state of residence has not adopted a structured settlement transfer statute, then federal law provides that a Qualified Order may be issued by the "responsible administrative authority (if any) which has exclusive jurisdiction over the underlying action or proceeding which was resolved by means of the structured settlement." 26 U.S.C.A. § 5891 (b) (2) (B) (ii). In that instance, the court should apply the law of the state where the structured settlement obligor or the annuity issuer is domiciled, if such state has adopted a structured settlement transfer statute.

9. The Applicant resides in the District of Columbia. The District of Columbia

3

has not adopted a structured settlement transfer statute.

10. The Annuity Issuer and Structured Settlement Obligor, upon information and belief, are both domiciled in the State of New Jersey and New Jersey has adopted a structured settlement transfer statute: N.J. Stat. Ann. §§ 2:A, 16-63, *et seq.*, known as the Structured Settlement Protection Act (the "New Jersey Act"). A copy of the New Jersey Act is attached hereto as **Exhibit A.**

11. The settlement of the personal injury claim giving rise to the structured settlement was approved by this Court (Civil Action No. 05-1361(JR), and therefore, this Court has jurisdiction over this matter pursuant to 26 U.S.C. § 5891 (b) (2) (B) (ii).

12. The Applicant executed an Absolute Assignment Agreement (the "Transfer Agreement") dated October 11, 2016. The Applicant, desiring to receive an immediate lump sum payment, agreed to transfer to A.X.A, or its assigns, the following payments: one lump sum payment of $80,000.00 due on 4/27/2027; and one lump sum payment of $130,000.00 due on 4/27/2032 (the "Assigned Payments"). A copy of the Transfer Agreement is attached hereto as **Exhibit B**.

13. A.X.A. timely provided a Disclosure Statement to the Applicant as required by the New Jersey Act. A true and correct copy of the Disclosure Statement is attached hereto as **Exhibit C**. The form, content and typeface of the Disclosure Statement meets all of the requirements set forth in the New Jersey Act. *See* New Jersey Act, § 2A:16-65.

14. The transfer is in the best interest of the Applicant, taking into account the welfare and support of the Applicant's dependents, if any. *See* New Jersey Act, § 2A:16-66 a. *See also* **Exhibit D.**

15. The Applicant has been advised in writing by A.X.A. to seek independent professional advice regarding the transfer and she has knowingly waived such advice in

4

writing. *See* New Jersey Act, § 2A:16-66 c. S*ee also* Waiver attached hereto as **Exhibit E.**

16. The Applicant has no dependents. *See* **Exhibit F.**

17. The transfer does not contravene any applicable Federal or State statute or the order of any court or other governmental authority or responsible administrative authority. *See* New Jersey Act, § 2A:16-66 c.; *see* also 26 U.S.C. § 5891(b)(2).

18. The transfer complies with the terms of the New Jersey Act and the Federal Act.

WHEREFORE, for all of the foregoing reasons, the Plaintiffs respectfully request this Court enter an order for the following relief:

1) A declaratory judgment and order declaring that the proposed transfer is in the best interests of the Applicant, taking into account the welfare and support of the Applicant's dependents, if any, that the Applicant has been advised in writing, by the Transferee, to seek independent professional advice regarding the transfer, and that the proposed transfer does not contravene any applicable Federal or State statute or the order of any court or governmental or responsible administrative authority;

2) That the Applicant assigns to the Transferee, or its successors, or assigns, the following periodic payments: one lump sum payment of $80,000.00 due on 4/27/2027; and one lump sum payment of $130,000.00 due on 4/27/2032; and

3) For such other and further relief as this Court deems just and proper.

Respectfully submitted,
OFFIT KURMAN, P.A.

/s/
_____
Elyse L. Strickland, Esquire (Bar No. 453264)
4800 Montgomery Lane, 9th Floor
Bethesda, MD 20814
Tel. (240) 507-1700
Fax (240) 507-1735
Email: estrickland@offitkurman.com
Counsel for A.X.A. Finance, LLC

I HEREBY DECLARE AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE INFORMATION CONTAINED IN THE FOREGOING COMPLAINT FOR DECLARATORY RELIEF ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

DocuSigned by:
_____
**Janiya Settles,** *pro se*

4831-4169-5804, v. 1